UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JESSIE L. ISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:25-cv-00111-JPH-MJD |
| ) | |
| ATTORNEY VIGO COUNTY INDIANA, ) | |
| INDIANA DEPT OF CORRECTION, ) | |
| FIRST FINANCIAL BANK BRANCH ) | |
| EMPLOYEES, ) | |
| FIRST FINANCIAL BANK BRANCH PLAZA ) | |
| EMPLOYEES, ) | |
| FT. VILLA INC., ) | |
| HAMILTON CENTER GROUP HOME, ) | |
| NEW BEGINNING PROPERTY ) | |
| MANAGEMENT REALTY/REALATOR, ) | |
| PIZZOLA, ) | |
| J.D., ) | |
| STATE FARM INS., ) | |
| POWER LITTLE, LITTLE, LITTLE LAW ) | |
| FIRM EMPLOYEES, ) | |
| NEWTON, ) | |
| DAN KELLY, ) | |
| STRECKOR BILL, ) | |
| TERRE HAUTE HOUSING AUTHORITY, ) | |
| STEVE CUENGROSS, ) | |
| SAM SWAIM, ) | |
| VIGO CO., IN., ) | |
| ) | |
| Defendants. ) | |

## ORDER

### I.
### Granting *in forma pauperis* status

Plaintiff Jessie Ison's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [3]; *see* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Mr. Ison to proceed without prepaying the filing fee, he remains liable for the full

1

fees. *Rosas v. Roman Catholic Archdiocese of Chi.*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

## II.
## Sealing exhibit attached to complaint

Mr. Ison filed a complaint, dkt. 1, accompanied by an exhibit, dkt. 1-1. The exhibit is 63 pages long, and contains confidential information such as Mr. Ison's bank account information.

Good cause is required to seal any portion of the record of a case from the public. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999). Good cause to seal confidential information may exist when the confidential material is non-dispositive or where documents contain trade secrets or other categories of sensitive confidential information. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). Courts regularly seal documents containing whole financial account numbers. *See, e.g.*, *Struve v. Gardner*, No. 1:19-cv-04581-RLY-MJD, 2021 WL 2004177, at *2 (S.D. Ind. Apr. 9, 2021) (holding that records containing whole financial account numbers should be redacted in keeping with the protections afforded by Federal Rule of Civil Procedure 5.2).

There is good cause to seal the exhibit attached to Mr. Ison's complaint, as it clearly contains his bank account information. The **Clerk is directed to**

2

**seal only the Exhibit**, dkt. 1-1, and **to docket the redacted version of the Exhibit**.

### III.
### Show cause for subject-matter jurisdiction

Mr. Ison's complaint makes a variety of allegations related to blasphemy, civil rights, bankruptcy, "chemical assaults," physical injuries from a negligent roof repair, ineffective assistance of counsel, and more. Dkt. 1 at 8–13. He seeks compensatory and punitive damages. *Id.* at 8.

The Court does not have subject matter jurisdiction over a complaint that is wholly insubstantial. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). And "[a] frivolous federal law claim cannot successfully invoke federal jurisdiction." *In re African-American Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006).

While Mr. Ison does mention in passing the Constitution of the United States and several federal statutes, even liberally construing the complaint, this Court cannot discern within it any plausible federal claim against any defendant. *See Sanders-Bey v. United States*, Nos. 07-2204, 07-3891, 267 F. App'x 464, 465 (7th Cir. Feb. 25, 2008) (dismissing for lack of jurisdiction a complaint that "appear[ed] to simply reference a panoply of random federal laws"); *cf. United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.").

Mr. Ison shall have **through May 9, 2025** to file an amended complaint or otherwise show cause why this case should not be dismissed for lack of subject-matter jurisdiction. An amended complaint should explain the basis for this Court's jurisdiction, specify the defendants against whom claims are raised, and explain what each of those defendants did, and when. *See* Fed. R. Civ. P. 8(a); 12(b). If Mr. Ison does not file an amended complaint, the Court will dismiss this case without prejudice for lack of subject-matter jurisdiction. Because an amended complaint completely replaces previous pleadings, it must be a complete statement of his claims. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). The **clerk is directed** to send a form complaint with Mr. Ison's copy of the order.

**SO ORDERED.**

Date: 4/9/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JESSIE L. ISON
223 Francis Ave Ct.
Terre Haute, IN 47804

All electronically registered counsel